UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA



97-8987
CIV-
CASE NO.:
JUDGE

BLASE PFEFFERKORN,
    Plaintiff,

vs.

CITY OF RIVIERA BEACH,
    Defendant.
_____/

NIGHT BOX
FILED

DEC 1 1 1997

CARLOS JUENKE
CLERK, USDC / SDFL / WPB

## COMPLAINT

Plaintiff, Blase Pfefferkorn, sues Defendant, City of Riviera Beach ("City"), pursuant to Title VII of the Civil Rights Act of 1964 and 1991, as amended, 42 U.S.C. ss 2000e, *et seq.*, and states:

### JURISDICTION AND VENUE

1.    This Court has jurisdiction of this action pursuant to 42 U.S.C. s 2000e-5(f) and 28 U.S.C. s 1343(a)(3) & (4).   All claims in this action arise under the Constitution and laws of the United States.

2.    Venue is proper in this Court pursuant to 28 U.S.C. s 1391(b) and 42 U.S.C. s 2000e-5(f)(3).  All claims in this action arose, all acts complained of herein occurred, and Defendant is



located within Palm Beach County, Florida, and within the Southern District of Florida. In addition, the employment records relevant to the acts complained of herein are maintained and administered within Palm Beach County, Florida, and within the Southern District of Florida.

## PARTIES

3. Plaintiff, Blase Pfefferkorn, is a natural person residing in Palm Beach County, Florida. At all times relevant to this lawsuit, Plaintiff was employed by Defendant City as a police officer, until his employment was terminated on or about November 6, 1997.

4. Defendant City is a municipal corporation created and operating under the laws of the State of Florida and located in Palm Beach County, Florida, and within the Southern District of Florida. At all material times, Defendant City was and is a person engaged in an industry affecting commerce with fifteen or more employees for each working day in each of twenty or more weeks in each relevant calendar year and meets the definition of "employer" set forth in Title VII.

## PROCEDURAL REQUIREMENTS

5. On or about August 8, 1997, Plaintiff timely filed charges of discrimination with the Equal Employment Opportunity Commission ("EEOC"), satisfying the requirements of 42 U.S.C. s 2000e-5.

6. On September 22, 1997, Plaintiff received a Notice of Right to Sue from the EEOC, and Plaintiff has timely filed this action within ninety days of receipt thereof.

## COUNT I
(Title VII: Disparate Treatment)

7. Plaintiff incorporates by reference paragraphs 1 through 6 above.

8. On or about July 6, 1981, Plaintiff commenced his employment with Defendant City as a police officer. He remained in the employ of Defendant City at all material times, until his

2

employment was terminated on or about November 6, 1997. Plaintiff performed his job as a police officer competently and satisfactorily.

9. Defendant City discriminated against Plaintiff because of his race (*i.e.*, white), in violation of Section 703(a) of Title VII, by treating Plaintiff less favorably than it treated similarly situated black police officers. This disparate treatment constitutes adverse employment action.

10. This disparate treatment of Plaintiff by Defendant City includes but is not limited to:

   (a) Plaintiff has been disciplined more severely than black police officers charged with similar allegations of misconduct;

   (b) Plaintiff has been denied departmental overtime under circumstances in which similarly situated black police officers were paid overtime; and,

   (c) Plaintiff has been denied promotional opportunities under circumstances in which similarly situated black police officers have been granted promotional opportunities.

11. As a direct and proximate result of Defendant City's unlawful employment practices, Plaintiff has lost wages, benefits, and overtime compensation, continues to suffer and in the future will suffer a diminution of his wages, benefits, and overtime compensation, has suffered emotional and mental anguish and personal humiliation, has had his reputation in the community and as a police officer damaged, and has suffered other injuries and damages of a permanent or continuing nature for which compensatory damages should be awarded.

12. Plaintiff has no adequate remedy at law. Unless promotions and payments of salaries and benefits are made by Defendant City in a non-discriminatory fashion, and unless disciplinary actions are taken by Defendant City in a non-discriminatory fashion, and unless overtime assignments are made by Defendant City is a non-discriminatory fashion, Plaintiff and other white officers within

the police department of Defendant City will be irreparably injured.

WHEREFORE, Plaintiff requests Judgment as follows:

(A)   Awarding Plaintiff compensatory damages for lost wages, benefits, overtime compensation, mental anguish, humiliation, and loss of reputation;

(B)   Placing Plaintiff in the position he would be in, but for the unlawful discrimination;

(C)   Granting a preliminary and permanent injunction and declaratory relief against Defendant City, finding that it discriminated against Plaintiff and prohibiting it from discriminating against Plaintiff, based upon his race and color;

(D)   Awarding Plaintiff reasonable attorney's fees and costs;

(E)   Retaining jurisdiction to ensure compliance with any order issued by this Court; and,

(F)   Awarding Plaintiff such further relief as this Court deems just under the circumstances.

## COUNT II
(Title VII: Hostile Environment)

13.   Plaintiff incorporates by reference paragraphs 1 through 6 and 8 above.

14.   While working as an employee of Defendant City in its police department, Plaintiff has had to work in an atmosphere where openly and pervasively racist remarks and conduct are tolerated, resulting in a racially hostile and harassing environment.

15.   This racially hostile and harassing environment includes but is not limited to:

(a)   Openly racist comments have been made directly to Plaintiff and other white police officers, and in various public forums;

(b)   Plaintiff and other white police officers have been subjected to verbal assaults and physical attacks by black police officers, including subordinates, without any resulting disciplinary action being taken by Defendant City;

4

(c) Plaintiff and other white police officers have been disciplined more severely than black police officers charged with similar allegations of misconduct;

(d) White police officers have been assigned fewer departmental overtime details and off-duty details than similarly situated black police officers, and Plaintiff has been denied departmental overtime under circumstances in which similarly situated black police officers have been granted overtime;

(e) White police officers have been given less assistance and backup than black police officers while on duty and serving in high crime areas; and,

(f) White candidates have been denied employment as police officers in favor of less qualified black candidates, for the express purpose of increasing "diversity".

16. Defendant has failed to take adequate corrective action to ensure a work environment for Plaintiff and other white police officers reasonably free from humiliation, insult, and oppression engendered by malicious and insensitive racist conduct and expressions of racial bias and prejudice.

17. The hostile and harassing environment in Defendant City's police department, created by such racist conduct and expressions of racial bias and prejudice, is so pervasive that it has unreasonably interfered with the work environment for Plaintiff and Plaintiff's job performance and created a dangerous, intimidating, hostile, and offensive work atmosphere.

18. As a direct and proximate result of Defendant City's unlawful employment practices, Plaintiff has suffered emotional and mental anguish and personal humiliation, and has had his reputation in the community and as a police officer damaged, and has suffered other injuries and damages of a permanent and continuing nature for which compensatory damages should be awarded.

19. Plaintiff has no adequate remedy at law. Unless Defendant City takes adequate

corrective steps to ensure a racially neutral work environment, Plaintiff and other white police officers within the police department with Defendant City will be irreparably injured.

WHEREFORE, Plaintiff requests Judgment as follows:

(A)   Awarding Plaintiff compensatory damages for mental anguish, humiliation, and loss of reputation;

(B)   Granting a preliminary and permanent injunction and declaratory relief against Defendant City, finding that it failed to take adequate corrective action to cease the racially hostile and intimidating atmosphere present against Plaintiff and other white police officers in this police department, and directing it to forthwith take such immediate corrective action;

(C)   Awarding Plaintiff reasonable attorney's fees and costs;

(D)   Retaining jurisdiction to ensure compliance with any order issued by this Court; and,

(E)   Awarding Plaintiff such further relief as this Court deems just under the circumstances.

## COUNT III
(Title VII: Retaliation)

20.   Plaintiff incorporates by reference paragraphs 1 through 6, 9 through 10, and 14 through 17 above.

21.   Defendant City unlawfully retaliated against Plaintiff for his opposing the above-described unlawful employment practices and for his having filed a charge of discrimination against Defendant.

22.   This retaliation against Plaintiff by Defendant City included but is not limited to placing Plaintiff on administrative leave under restrictive circumstances amounting to house arrest, beginning on or about April 3, 1997, and termination of Plaintiff's employment, on or about November 6, 1997.

23. As a direct and proximate result of Defendant City's unlawful employment practices, Plaintiff has lost wages, benefits, and overtime compensation, continues to suffer and in the future will suffer diminution of his wages, benefits, and overtime compensation, has suffered emotional and mental anguish and personal humiliation, and has had his reputation in the community and as a police officer damaged, and has suffered other injuries and damages of a permanent or continuing nature for which compensatory damages should be awarded.

24. Plaintiff has no adequate remedy at law. Unless Defendant City is required to place Plaintiff in the position he would be in but for the unlawful retaliation and Defendant City is prohibited from taking further acts of unlawful retaliation, Plaintiff will be irreparably injured.

WHEREFORE, Plaintiff requests Judgment as follows:

(A) Awarding Plaintiff compensatory damages for lost wages, benefits, overtime compensation, mental anguish, humiliation, and loss of reputation;

(B) Placing Plaintiff in the position he would be in, but for the unlawful retaliation;

(C) Granting a preliminary and permanent injunction and declaratory relief against Defendant City, finding that if unlawfully retaliated against Plaintiff and prohibiting it from retaliating against Plaintiff for his engaging in protected activity;

(D) Awarding Plaintiff reasonable attorney's fees and costs;

(E) Retaining jurisdiction to ensure compliance with any order issued by this court; and,

(F) Awarding Plaintiff such further relief as this court deems just under the circumstances.

**TRIAL BY JURY IS DEMANDED AS TO ALL ISSUES SO TRIABLE**

_____
Lee B. David, Esq.
Florida Bar No.379565
Co-Counsel for Plaintiff
900 E. Ocean Blvd., Ste. 212-B
Stuart, Florida 34994
Tel: 561-220-9226

Garcia, Elkins & Carbonell, P.A.

By:_____
Isidro M. Garcia, Esq.
Florida Bar No. 437883
Co-Counsel For Plaintiff
Citizens Building, Suite 802
105 South Narcissus Avenue
West Palm Beach, FL 33401
Tel: 561-832-8033

Dated this 18th day of December, 1997.

8